IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 16-08 |
| | ) | |
| DOMINIC W. DILEO | ) | (21 U.S.C. §§ 841(a)(1), |
| ROSALIND SUGARMANN | ) | 841(b)(1)(E)(i), 841(b)(2), |
| BRANDON S. EICHER | ) | and 846; and 18 U.S.C. §§ |
| LOUIS M. POLITO | ) | 1347 and 2) |

**FILED**

APR - 5 2016

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

<u>SUPERSEDING INDICTMENT</u>

<u>COUNTS ONE THROUGH NINETEEN</u>

The grand jury charges:

On or about the dates set forth below, in the Western District of Pennsylvania, defendant DOMINIC W. DILEO did knowingly, intentionally and unlawfully dispense and distribute, and cause to be dispensed and distributed, a quantity of Buprenorphine, also known as Suboxone, a Schedule III controlled substance, to a person known to the grand jury as "L", outside the usual course of professional practice and not for a legitimate medical purpose, each such instance being a separate count of this Superseding Indictment.

| Count | Date |
|---|---|
| 1 | March 17, 2015 |
| 2 | April 14, 2015 |
| 3 | April 21, 2015 |
| 4 | April 28, 2015 |
| 5 | May 4, 2015 |

| | |
|---|---|
| 6 | May 12, 2015 |
| 7 | May 19, 2015 |
| 8 | June 2, 2015 |
| 9 | June 8, 2015 |
| 10 | June 16, 2015 |
| 11 | June 23, 2015 |
| 12 | June 30, 2015 |
| 13 | July 7, 2015 |
| 14 | September 2, 2015 |
| 15 | September 15, 2015 |
| 16 | September 29, 2015 |
| 17 | November 3, 2015 |
| 18 | November 13, 2015 |
| 19 | November 24, 2015 |

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E)(i).

## COUNTS TWENTY THROUGH THIRTY-EIGHT

The grand jury further charges:

On or about the dates set forth below, in the Western District of Pennsylvania, defendant ROSALIND SUGARMANN did knowingly, intentionally and unlawfully distribute, and cause to be distributed, a quantity of Buprenorphine, also known as Suboxone, a Schedule III controlled substance, to a person known to the grand jury as "L", each such instance being a separate count of this Superseding Indictment.

| Count | Date |
|---|---|
| 20 | March 17, 2015 |
| 21 | April 14, 2015 |
| 22 | April 21, 2015 |
| 23 | April 28, 2015 |
| 24 | May 4, 2015 |
| 25 | May 12, 2015 |
| 26 | May 19, 2015 |
| 27 | June 2, 2015 |
| 28 | June 8, 2015 |
| 29 | June 16, 2015 |
| 30 | June 23, 2015 |
| 31 | June 30, 2015 |
| 32 | July 7, 2015 |
| 33 | September 2, 2015 |

| 34 | September 15, 2015 |
|----|--------------------|
| 35 | September 29, 2015 |
| 36 | November 3, 2015 |
| 37 | November 13, 2015 |
| 38 | November 24, 2015 |

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E)(i).

## COUNTS THIRTY-NINE THROUGH TWO HUNDRED THIRTY-TWO

The grand jury further charges:

On or about the dates set forth below, in the Western District of Pennsylvania, defendant DOMINIC W. DILEO did knowingly, intentionally and unlawfully dispense and distribute, and cause to be dispensed and distributed, as aided and abetted by defendants LOUIS M. POLITO and ROSALIND SUGARMANN, a quantity of Buprenorphine, also known as Suboxone, a Schedule III controlled substance, in the name of "Larry Greene" to defendant ROSALIND SUGARMANN, outside the usual course of professional practice and not for a legitimate medical purpose, each such instance being a separate count of this Superseding Indictment.

| Count | Date |
| --- | --- |
| 39 | January 15, 2013 |
| 40 | January 23, 2013 |
| 41 | January 30, 2013 |
| 42 | February 6, 2013 |
| 43 | February 13, 2013 |
| 44 | February 20, 2013 |
| 45 | February 27, 2013 |
| 46 | March 6, 2013 |
| 47 | March 13, 2013 |
| 48 | March 20, 2013 |
| 49 | March 27, 2013 |

| | |
|---|---|
| 50 | April 3, 2013 |
| 51 | April 10, 2013 |
| 52 | April 17, 2013 |
| 53 | April 23, 2013 |
| 54 | May 1, 2013 |
| 55 | May 8, 2013 |
| 56-57 | May 15, 2013 |
| 58-59 | May 22, 2013 |
| 60-61 | May 29, 2013 |
| 62 | June 5, 2013 |
| 63 | June 12, 2013 |
| 64 | June 19, 2013 |
| 65 | June 26, 2013 |
| 66 | July 3, 2013 |
| 67 | July 10, 2013 |
| 68 | July 17, 2013 |
| 69 | July 24, 2013 |
| 70 | July 31, 2013 |
| 71 | August 7, 2013 |
| 72 | August 21, 2013 |
| 73 | August 28, 2013 |
| 74 | September 4, 2013 |
| 75 | September 11, 2013 |
| 76 | September 18, 2013 |

| | |
|---|---|
| 77 | September 25, 2013 |
| 78 | October 2, 2013 |
| 79 | October 9, 2013 |
| 80 | October 16, 2013 |
| 81 | October 23, 2013 |
| 82 | October 30, 2013 |
| 83 | November 6, 2013 |
| 84 | November 13, 2013 |
| 85 | November 20, 2013 |
| 86 | November 27, 2013 |
| 87 | December 4, 2013 |
| 88 | December 11, 2013 |
| 89 | December 18, 2013 |
| 90 | December 24, 2013 |
| 91 | December 30, 2013 |
| 92 | January 4, 2014 |
| 93 | January 9, 2014 |
| 94 | January 15, 2014 |
| 95 | January 22, 2014 |
| 96 | January 29, 2014 |
| 97 | February 5, 2014 |
| 98 | February 12, 2014 |
| 99 | February 19, 2014 |
| 100 | February 26, 2014 |

| | |
|---|---|
| 101 | March 5, 2014 |
| 102 | March 12, 2014 |
| 103 | March 19, 2014 |
| 104 | March 26, 2014 |
| 105 | April 2, 2014 |
| 106 | April 3, 2014 |
| 107 | April 9, 2014 |
| 108 | April 16, 2014 |
| 109 | April 17, 2014 |
| 110-111 | April 23, 2014 |
| 112-113 | April 30, 2014 |
| 114-115 | May 7, 2014 |
| 116-117 | May 14, 2014 |
| 118-119 | May 21, 2014 |
| 120-121 | May 28, 2014 |
| 122-123 | June 4, 2014 |
| 124-125 | June 11, 2014 |
| 126-127 | June 18, 2014 |
| 128-129 | June 25, 2014 |
| 130-131 | July 2, 2014 |
| 132-133 | July 9, 2014 |
| 134-135 | July 16, 2014 |
| 136-137 | July 23, 2014 |
| 138-139 | July 30, 2014 |

| | |
|---|---|
| 140-141 | August 5, 2014 |
| 142-143 | August 20, 2014 |
| 144-145 | August 27, 2014 |
| 146-147 | September 3, 2014 |
| 148-149 | September 10, 2014 |
| 150-151 | September 17, 2014 |
| 152-153 | September 24, 2014 |
| 154-156 | October 1, 2014 |
| 157-158 | October 8, 2014 |
| 159-160 | October 15, 2014 |
| 161-162 | October 22, 2014 |
| 163-164 | October 29, 2014 |
| 165-166 | November 5, 2014 |
| 167-168 | November 12, 2014 |
| 169-170 | November 19, 2014 |
| 171 | November 26, 2014 |
| 172 | December 3, 2014 |
| 173 | December 10, 2014 |
| 174 | December 17, 2014 |
| 175 | December 24, 2014 |
| 176 | December 31, 2014 |
| 177 | January 7, 2015 |
| 178 | January 13, 2015 |
| 179 | January 21, 2015 |

| | |
|---|---|
| 180-181 | January 27, 2015 |
| 182-183 | February 3, 2015 |
| 184-185 | February 10, 2015 |
| 186-187 | February 17, 2015 |
| 188-189 | February 24, 2015 |
| 190-191 | March 3, 2015 |
| 192-193 | March 9, 2015 |
| 194 | March 11, 2015 |
| 195-197 | March 16, 2015 |
| 198-200 | March 23, 2015 |
| 201-203 | March 30, 2015 |
| 204-206 | April 6, 2015 |
| 207-208 | April 14, 2015 |
| 209-210 | April 20, 2015 |
| 211-212 | April 27, 2015 |
| 213-214 | May 4, 2015 |
| 215-216 | May 11, 2015 |
| 217-218 | May 18, 2015 |
| 219-220 | May 22, 2015 |
| 221-222 | June 1, 2015 |
| 223-224 | June 8, 2015 |
| 225-226 | June 15, 2015 |
| 227-228 | June 22, 2015 |
| 229-230 | June 29, 2015 |

| 231-232 | July 6, 2015 |

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E)(i) and Title 18, United States Code, Section 2.

## COUNT TWO HUNDRED THIRTY-THREE

The grand jury further charges:

From in and around January of 2013, and continuing thereafter to in and around November of 2015, in the Western District of Pennsylvania, defendants DOMINIC W. DILEO and ROSALIND SUGARMANN, did knowingly, intentionally and unlawfully conspire with each other and persons known to the grand jury to distribute a quantity of Buprenorphine, also known as Suboxone, a Schedule III controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E)(i).

In violation of Title 21, United States Code, Section 846.

## COUNTS TWO HUNDRED THIRTY-FOUR THROUGH TWO HUNDRED THIRTY-SEVEN

The grand jury further charges:

On or about the dates set forth below, in the Western District of Pennsylvania, defendant DOMINIC W. DILEO, did knowingly, intentionally and unlawfully dispense and distribute, and cause to be dispensed and distributed, a quantity of Alprazolam, also known as Xanax, a Schedule IV controlled substance, to a person known to the grand jury as "C", outside the usual course of professional practice and not for a legitimate medical purpose, each such instance being a separate count of this Superseding Indictment.

| Count | Date |
|---|---|
| 234 | August 7, 2015 |
| 235 | August 17, 2015 |
| 236 | September 8, 2015 |
| 237 | September 19, 2015 |

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(2).

## COUNT TWO HUNDRED THIRTY-EIGHT

The grand jury further charges:

1. At all times material to this Superseding Indictment:

   a. The Centers for Medicare and Medicaid Services, also known as CMS, was a federal agency within the United States Department of Health and Human Services, which administered the Medicaid program.

   b. Medicaid was a health care benefit program, as defined in Title 18, United States Code, Section 24(b), that provided medical assistance and related services to needy individuals. CMS administered the Medicaid program at the federal level, and the Pennsylvania Department of Public Welfare (PDPW), also known as the Pennsylvania Department of Human Services, processed Medicaid claims submitted for various services for beneficiaries in Pennsylvania.

   c. Value Behavioral Health ("VBH") was a privately owned entity which processed claims submitted on behalf of persons enrolled in the Medicaid program for mental health and substance abuse treatment and services in Western Pennsylvania.

   d. Addiction Specialists, Inc. ("ASI") was a licensed provider of substance abuse treatment services, including counseling services, and was located at 1023 Pittsburgh Street in Uniontown, Pennsylvania.

e. Defendant ROSALIND SUGARMANN was an owner of ASI, and was in charge of the daily operations of ASI.

f. Defendant BRANDON S. EICHER was employed at ASI, and was the Clinical Supervisor at ASI.

g. The Medicaid program, through VBH, contracted with ASI to pay for group counseling services provided by ASI to persons enrolled in the Medicaid program, subject to certain restrictions relating to the methods for providing such services.

h. One of the restrictions relating to ASI's eligibility to receive Medicaid payments, through VBH, for a group counseling session, was that the group counseling session had to have ten or less clients/patients in the session.

i. In and around 2012, ASI began to provide substance abuse treatment involving prescriptions for and use of Buprenorphine, also known as Suboxone.

j. The treatments involving Suboxone included group counseling sessions for the clients/patients in ASI's outpatient Suboxone program.

### The Scheme to Defraud

2. From in and around February of 2013, and continuing thereafter until in and around May of 2014, in the Western District of Pennsylvania and elsewhere, defendants ROSALIND SUGARMANN and BRANDON S. EICHER, along with persons known to the grand jury, perpetrated a scheme to defraud and to

15

obtain money from the Medicaid program, by means of materially false and fraudulent representations, pretenses and promises, in connection with the delivery of and payment for health care benefits and services, which scheme is further described below.

3. It was part of the scheme to defraud that, between in and around February of 2013, and continuing to in and around March of 2014, defendants ROSALIND SUGARMANN and BRANDON S. EICHER approved and directed the counselors at ASI to conduct group counseling sessions which included more than ten ASI patients/clients.

4. It was further a part of the scheme to defraud that defendants ROSALIND SUGARMANN and BRANDON S. EICHER caused claims to be submitted to VBH for group counseling sessions which included more than ten ASI patients/clients.

5. It was further a part of the scheme to defraud that VBH paid ASI for claims submitted by ASI for group counseling sessions which included more than ten ASI patients/clients.

6. In or around March of 2014, VBH conducted an audit of ASI's records for ASI patients/clients who were participating in the outpatient Suboxone program. In the first phase of that audit, VBH determined, by examining a random sample of ASI's sign-in sheets for group counseling sessions, that many of those counseling sessions included more than ten ASI patients/clients.

7. In and around April of 2014, VBH notified defendants ROSALIND SUGARMANN and BRANDON S. EICHER that VBH intended to recoup some of the money paid by VBH to ASI for such sessions, and further informed ASI that VBH was going to conduct a more in-depth review of the sign-in sheets for the group counseling sessions for ASI's outpatient Suboxone program.

8. It was further a part of the scheme to defraud that, from in and around April of 2014, and continuing until in and around May of 2014, defendants ROSALIND SUGARMANN and BRANDON S. EICHER created false and fraudulent documents, including sign-in sheets, and caused other persons known to the grand jury to create false and fraudulent sign-in sheets, representing that numerous group counseling sessions for which ASI had been paid by VBH, included ten or less ASI patients/clients, when in truth and fact, and as defendants ROSALIND SUGARMANN and BRANDON S. EICHER well knew, such representations were false and fraudulent.

9. It was further a part of the scheme to defraud that, in and around late April of 2014, when VBH returned to ASI to conduct a more in-depth review of ASI's records relating to the group counseling sessions, defendants ROSALIND SUGARMANN and BRANDON S. EICHER provided and caused to be provided the above-referenced false and fraudulent records, including the false and fraudulent sign-in sheets, to VBH.

10. It was further a part of the scheme to defraud that, as a result of defendants ROSALIND SUGARMANN's and BRANDON S. EICHER's submission of the false and fraudulent records to VBH during VBH's audit, ASI was not required by VBH to return the money which VBH had paid to ASI for group counseling sessions which involved more than ten patients/clients, and for which false and fraudulent records had been submitted to VBH during VBH's audit.

In violation of Title 18, United States Code, Sections 1347 and 2.

A True Bill,

_____
FOREPERSON

_____
DAVID J. HICKTON
United States Attorney
PA ID No. 34524