IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-08 |
| | ) | |
| DOMINIC W. DILEO | ) | |
| ROSALIND SUGARMANN | ) | |
| BRANDON S. EICHER | ) | |
| LOUIS M. POLITO | ) | |

**FILED**

APR - 5 2016

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Shaun E. Sweeney and Stephen R. Kaufman, Assistant United States Attorney for said District, submitting this Superseding Indictment Memorandum to the Court:

### I.   THE SUPERSEDING INDICTMENT

A Federal Grand Jury returned a 238-count Superseding Indictment against the above-named defendants for alleged violations of federal law:

| COUNTS | OFFENSE/DATE | TITLE/SECTION | DEFENDANT |
|---|---|---|---|
| 1-19 | Unlawful dispensing and distributing Schedule III controlled substance March 17, 2015 to November 24, 2015 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E)(i) | DILEO |
| 20-38 | Unlawful distributing Schedule III controlled substance March 17, 2015 to November 24, 2015 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E)(i) | SUGARMANN |
| 39-232 | Unlawful dispensing and distributing Schedule III controlled substance January 15, 2013 to July 6, 2015 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E)(i) and 18 U.S.C. § 2 | DILEO SUGARMANN POLITO |

| 233 | Conspiracy to unlawfully distribute Schedule III controlled substance January 2013 to November 2015 | 21 U.S.C. § 846 | DILEO SUGARMANN |
| 234-237 | Unlawful dispensing and distributing Schedule IV controlled substance August 7, 2015 to September 19, 2015 | 21 U.S.C. §§ 841(a)(1) and 841(b)(2) | DILEO |
| 238 | Health Care fraud From in and around February of 2013 to in and around May of 2014 | 18 U.S.C. §§ 1347 and 2 | SUGARMANN EICHER |

## II.  ELEMENTS OF THE OFFENSES

### A.  As to Counts 1-232:

In order for the crime of unlawfully dispensing and distributing Suboxone, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E)(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That on or about the dates set forth in the Superseding Indictment, the defendant dispensed or distributed Suboxone.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2.  That the defendant did so knowingly and intentionally.

2

United States v. Jewell, 532 F.2d
697, 699-700 (9th Cir.), cert.
denied, 426 U.S. 951 (1976); United
States v. Kairouz, 751 F.2d 467, 469
(1st Cir. 1985).

3.   That Suboxone is a Schedule III controlled substance.

**B.   As to Count 233:**

In order for the crime of conspiracy to dispense or distribute Suboxone, in violation of Title 21, United States Code, Section 846, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That two or more persons agreed to dispense or distribute Suboxone.

2.   That the defendant was a party to or member of that agreement.

3.   That the defendant joined the agreement or conspiracy, knowing of its objective to dispense or distribute a controlled substance, and intending to join together with at least one other alleged conspirator to achieve the objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

4.   That Suboxone is a Schedule III controlled substance.

Third Circuit Model Criminal Jury Instruction
6.21.846B (modified)

3

C.    As to Counts 234-237:

In order for the crime of knowingly, intentionally and unlawfully distributing and causing to be distributed a quantity of Xanax, a Schedule IV controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That on or about the dates set forth, the defendant dispensed or distributed the controlled substance charged in the Superseding Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2.    That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3.    That Alprazolam is a Schedule IV controlled substance.

D. As to Count 238:

4

In order for the crime of Health Care Fraud, in violation of 18 U.S.C. § 1347, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant knowingly devised or participated in a scheme to defraud or obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of the Medicaid program in connection with the delivery of or payment for health care benefits, items, or services;

2.    That the defendant acted with the intent to defraud; and

3.    That the Medicaid program was a public or private plan or contract, affecting commerce, under which medical benefits, items, or services were provided to any individual, for which payment may be made under the plan or contract.

Third Circuit Model Criminal jury Instruction 6.18.1347.

## III.   PENALTIES

A.    As to Counts 1-232:   Unlawfully dispensing or distributing a Schedule III controlled substance:

1.    A term of imprisonment of not more than ten (10) years.

2.    A fine not to exceed $250,000.

3.    A term of supervised release of at least two (2) years.

5

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.    A term of imprisonment of not more than twenty (20) years.

2.    A fine not to exceed $500,000.

3.    A term of supervised release of at least four (4) years.

B.    As to Count 233:  Conspiracy to unlawfully dispense or distribute a Schedule III controlled substance:

1.    A term of imprisonment of not more than ten (10) years.

2.    A fine not to exceed $1,000,000.

3.    A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.    A term of imprisonment of not more than thirty (30) years.

2.    A fine not to exceed $2,000,000.

3.    A term of supervised release of at least six (6) years.

C.    As to Counts 234-237:   Unlawfully dispensing or distributing a Schedule IV controlled substance:

1.    A term of imprisonment of not more than five (5) years.

2.    A fine not to exceed $250,000.

3.    A term of supervised release of at least one (1) year.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.    A term of imprisonment of not more than ten (10) years.

2.    A fine not to exceed $500,000.

3.    A term of supervised release of at least two (2) years.

D.    **As to Count 238:    Health Care Fraud:**

1.    (a)  A term of imprisonment of not more than ten (10) years;

(b)  If the violation results in serious bodily injury as defined in Title 18, United States Code, Section 1365, a term of imprisonment of not more than twenty (20) years;

(c)  If the violation results in death, a term of imprisonment for any term of years or for life;

2.    A fine not more than the greater of $250,000 or an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of

7

this fine would unduly complicate or prolong the sentencing process; and

       3.    A term of supervised release of not more than three (3) years.

## IV.   MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.   RESTITUTION

Restitution may be required in this case as to Count 238, together with any authorized penalty, as part of the defendants' sentences pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI.   FORFEITURE

Not applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

SHAUN E. SWEENEY
Assistant U.S. Attorney
PA ID No. 53568

8